895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos Arnaz WILLIAMS, Plaintiff-Appellant,
v.
Tim BAILEY; Robert Basore; Mark Boomershine; Janice
Brown; Skip Brown; S. Cotton; Dale Foltz; Robert
Henderson; Perry Johnson; P. Lee; Michigan Department of
Corrections; Edward Painter; Larry Richardson; E. Scott;
J. Steward; Richard Thrams; H.D. Vessey; John Voight,
Defendants-Appellees.
 No. 89-1590.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Williams moves for counsel and for a transcript at government expense on appeal from the district court's judgment in favor of the defendants in this prisoner's civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams is a prisoner at the State Prison of Southern Michigan in Jackson, Michigan. Williams sued various defendants alleging that a prison guard assaulted him, used racial slurs against him, and filed a false disciplinary report against him in retaliation for his exercise of his first amendment rights. The case went to a jury trial, and the jury found against Williams.
 
 
 3
 Williams argues that the district court incorrectly denied his motion for judgment notwithstanding the verdict because the verdict was against the weight of the evidence. The standard is whether the evidence is such that there can be but one reasonable conclusion as to the proper verdict. Merkel v. Scovill, Inc., 787 F.2d 174, 177 (6th Cir.), cert. denied, 479 U.S. 990 (1986). Here the record shows that there could have been more than one reasonable conclusion as to the proper verdict. The defendants flatly denied that the prison guard's actions were retaliatory in nature or based on racial prejudice. The jury chose to believe this testimony, and the district court correctly chose not to overturn the jury's verdict.
 
 
 4
 Williams also argues that the district court erred when it ordered the jury to continue deliberations. Here the jury announced that it could not reach a verdict after one hour and twenty minutes of deliberations. The district court asked the jury if it wished to continue deliberating on that day or return the following Monday. The jury chose to return the following Monday, deliberated for an additional one hour and forty-five minutes, and then returned the verdict.
 
 
 5
 Concerning deliberations, it is generally within the trial court's sound discretion to determine whether particular jury requests will be granted. Spalla v. Foltz, 788 F.2d 400, 404-05 (6th Cir.), cert. denied, 479 U.S. 935 (1986). Here the district court did not abuse its discretion when it overruled the jury's requests and ordered them to continue deliberating. Given the short period of time they had deliberated, the court properly required them to deliberate further.
 
 
 6
 We have examined the other issues raised by Williams, and we hold that they lack merit. The motions for counsel and for a transcript at government expense are denied. The judgment of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.